UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHERRY T.,

                Plaintiff,

v.                                                                              CASE # 1:21-cv-00977

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>MARY ELLEN GILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JONATHAN M. KING, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.       RELEVANT BACKGROUND**

   **A.      Factual Background**

Plaintiff was born on October 9, 1973 and has at least a high school education. (Tr. 200, 205). Generally, plaintiff's alleged disability at the time of application was Lyme disease, cardiomyopathy, hypertension, generalized anxiety disorder, bilateral carpal tunnel syndrome, small intestine bacterial overgrowth, migraines, neck pain, and abdominal pain with weight loss. (Tr. 204). Her alleged onset date of disability was June 1, 2016, and her date last insured was December 31, 2020. (Tr. 200).

   **B.      Procedural History**

On July 28, 2019, plaintiff protectively applied for a period of Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (Tr. 190). Plaintiff's application was denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On November 25, 2020, plaintiff appeared before ALJ David Neumann. (Tr. 35-70). On February 1, 2021, ALJ Neumann issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-28). On July 28, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.   The claimant last met the insured status requirements of the Social Security Act on December 31, 2020.

2.   The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 1, 2016 through her date last insured of December 31, 2020 (20 CFR 404.1571 et seq.).

3.   Through the date last insured, the claimant had the following severe impairments:

|   |   |
|---|---|
|   | congestive heart failure; Lyme disease; migraine headaches; degenerative disc disease of the cervical spine; chronic obstructive pulmonary disease (COPD)/asthma; and irritable bowel syndrome (20 CFR 404.1520(c)). |
| 4. | Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). |
| 5. | After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and/or carry 10 pounds frequently and 20 pounds occasionally. She can (sic) and walk with normal breaks for a total of six hours in an eight-hour workday and can sit for a total of six hours with normal breaks in an eight-hour workday. She can perform push and pull motions with the upper and lower extremities within those weight restrictions, but no repetitive or prolonged flexion, rotation, or extension of the neck. She should avoid unprotected heights, concentrated pollutants and temperature extremes. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can have no direct exposure to bright or flashing lights. |
| 6. | Through the date last insured, the claimant was capable of performing past relevant work as a protective services caseworker and as a counselor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). |
| 7. | The claimant was not under a disability, as defined in the Social Security Act, at any time from June 1, 2016, the alleged onset date, through December 31, 2020, the date last insured (20 CFR 404.1520(f)). |

(Tr. 9-28).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ erred in formulating the physical RFC because he found two opinions partially persuasive but remarked they were vague and did not incorporate all of the opined limitations into the RFC. (Dkt. No. 10 at 12 [Pl's Mem. of Law]). Additionally, plaintiff asserts the ALJ erred by not including any mental limitations in the RFC because there were non-severe

3

mental impairments, and the mental health opinions weren't properly considered. (Dkt. No. 10 at 13).

### B.    Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the record, including the medical opinion evidence, and that the RFC was supported by substantial evidence. (Dkt. No. 13 at 9 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.   ANALYSIS

A.  Physical RFC

Plaintiff's initial argument is a disagreement with how the ALJ interpreted the opined limitations from consultative examiners Drs. Rosenberg and Lee. (Dkt. No. 10 at 12). Plaintiff concedes the ALJ was correct in finding the opinions were vague because of terms like mild, moderate and prolonged. (Dkt. No. 10 at 12, *referring to* Tr. 25). In a puzzling argument however, plaintiff asserts the ALJ erred by not including all the opined limitations which were inconsistent with the physical RFC. (Tr. No. 10 at 12).

In October 2016, internal medicine Dr. Rosenberg opined that plaintiff should avoid heights; she had minimal to mild restrictions for activities that require twisting and turning of the cervical neck secondary to her minimal to mild neck pain as well as dizziness as a result of range of motion of the neck; she should avoid activities that would expose her to bright lights secondary to history of migraines; and she should avoid dust, smoke, and other respiratory irritants. (Tr. 483). In September 2019, internal medicine Dr. Lee opined that plaintiff had moderate limitation with activities involving prolonged standing and walking great distances, mild limitation with activities involving fine motor use of the hands, and she should avoid smoke, dust, and other known respiratory irritants. (Tr. 1264).

Indeed, the ALJ found both opinions somewhat persuasive. (Tr. 25). He noted that both opinions were vague in part but also considered the overall consistency with recent treatment and examination findings. (Tr. 24-25). The ALJ thoroughly considered Dr. Rosenberg's largely unremarkable examination findings, which included full strength and no muscle atrophy in the upper and lower extremities. (Tr. 22; *see* Tr. 479-87; *see also* 20 C.F.R. § 404.1520c(c)(1) (supportability factor)). Similarly, the ALJ comprehensively reviewed Dr. Lee's opinion and found

it was somewhat persuasive after fully considering the doctor's unremarkable examination findings, as well as plaintiff's reports and testimony, and the physical examination findings of her providers, which overall supported a reduced range of light exertional level work. (Tr. 22, 25; *see* Tr. 599, 958, 1083, 1106, 1260-64, 1285, 1405; see also 20 C.F.R. §§ 404.1520c(c)(1)-(2)).

Plaintiff does not argue the ALJ's evaluation of the opinions was improper but rather that the ALJ should have recontacted the consultative examiners for clarification after deeming the opinions vague. (Dkt. No. 10 at 12). This argument is unavailing. *See Tracy Lynn L. v Comm'r of Soc. Sec.*, No. 1:20-CV-0942-WBC, 2021 WL 5851187, at *4-5 (W.D.N.Y. Dec. 9, 2021) (rejecting argument that ALJ needed to recontact medical source simply because ALJ found opinion to be vague) (*citing Morris v. Berryhill*, 721 F. App'x 25, 28 (2d Cir. 2018) (summary order), for proposition that duty to recontact only arises "if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings"). There is no absolute obligation or duty to recontact a medical source under the regulations, particularly when the evidence in the record is complete and consistent. *See* 20 C.F.R. § 404.1520b. The Second Circuit has reaffirmed that an ALJ is free to reject a vague medical source opinion without needing to recontact the source for clarification. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("Schillo contends that the ALJ was duty bound to obtain a more detailed and clarified statement from Dr. Shukri before rejecting statements due to vague, undefined terms. We disagree.") (internal quotations omitted).

Furthermore, the RFC for light work was not inconsistent with Dr. Lee's opinion as alleged by plaintiff. The Second Circuit and this Court have long held that the ability to perform light work is consistent with evidence of moderate limitations in prolonged standing and walking. *See Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (finding that moderate limitation in sitting, standing, and walking was not inconsistent with RFC

that claimant could sit, stand, and walk for six hours a day respectively and supported a finding of light or medium work) (collecting cases). Plaintiff's reliance on cases where the ALJ accorded significant weight under the old regulations is easily distinguished here, where the opinions were only deemed somewhat persuasive under the new regulations for consideration of opinion evidence. (Dkt. No. 10 at 1).

Plaintiff fails to satisfy her burden to prove she had a more restrictive physical RFC. *See* 20 C.F.R. § 404.1560(c)(2); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (holding that plaintiff "had a duty to prove a more restrictive RFC, and failed to do so").

### B.  Mental RFC

Plaintiff asserts three general errors by the ALJ in consideration of her mental impairments. Plaintiff argues the ALJ failed to consider the effects of both severe and nonsevere impairments in the sequential evaluation, failed to include limitations from Dr. Santarpia's somewhat persuasive opinion, and failed to weigh or consider the opinion of Dr. Deneen. (Dkt. No. 10 at 13).

The ALJ found plaintiff's mental health impairments did not inhibit her ability to function on a daily basis and were therefore not severe as directed by the disability regulations after applying the "paragraph B" criteria. (Tr. 15-16). However, the ALJ discussed that he considered all of plaintiff's medically determinable impairments, including those not severe, when assessing the RFC. (Tr. 17). The ALJ appropriately explained his reasoning in reaching conclusions about the four broad areas of mental functioning at Step 2 of the sequential evaluation. The ALJ found plaintiff had a mild limitation in the functional area of concentrating, persisting or maintaining pace, but no limitation in understanding, remembering or applying information, interacting with others, and adapting or managing oneself. (Tr. 15-16).

Plaintiff does not take issue with the ALJ's finding that her adjustment disorder with anxious mood and panic disorder were non-severe impairments, but rather argues the ALJ should have imposed limitations for the non-severe mental impairments in the RFC. (Dkt. No. 10 at 14). The Court rejects this basis for remand.

When substantial evidence in the record supports only mild limitations in mental functioning, an ALJ is not required to include mental limitations or restrictions in the RFC. *Lynett W. v. Comm'r of Soc. Sec.*, 19-CV-1168, 2021 WL 868625, at *4 (WDNY Mar. 9, 2021) (finding "mild limitations do not necessarily require the addition of mental limitations in the RFC"); *Jane M. A. v. Comm'r of Soc. Sec.*, No. 19-CV-808, 2021 WL 63066, at *5 (W.D.N.Y. Jan. 7, 2021)(remand denied where the "ALJ properly evaluated the mental impairments at Step Two and reasonably considered such impairments at subsequent steps and accordingly found the mild limitations resulting from the non-severe impairments did not warrant any mental restrictions in the RFC"). Plaintiff acknowledges in her brief that Drs. Santarpia and Deneen only opined mild limitations. (Dkt. No. 10 at 14).

Dr. Santarpia opined that plaintiff had a mild limitation in performing complex tasks independently. (Tr. 477). Dr. Deneen opined that plaintiff had mild limitations in regulating emotions, controlling behavior, and maintaining well-being. (Tr. 1267). Indeed, a finding of mild limitations at step two would cease the analysis and benefits would be denied. *See Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (the degree of limitation in each of the first three areas is rated "mild" or better, then the ALJ will generally conclude that the claimant's mental impairment is not severe and will deny benefits).

Plaintiff asserts the ALJ should have included a limitation on skilled work because he found Dr. Santarpia's opinion somewhat persuasive. (Dkt. No. 10 at 14). However, the ALJ's RFC

was supported by Dr. Santarpia's exam. As the ALJ discussed, the results of Dr. Santarpia's examination were unremarkable, including euthymic mood, full orientation, cooperative demeanor, appropriate eye contact, fluent and clear speech, coherent and goal directed thought process, fair insight and judgment, and intact attention, concentration, and memory. (Tr. 16; *see* Tr. 475-76). Dr. Santarpia's findings were consistent with the prior administrative medical findings of state agency psychological consultants Drs. M. Butler and S. Juriga, who reviewed then-available evidence of record in October 2019 and November 2019, respectively. (Tr. 23-24; *see* Tr. 79-80, 95-96). Both doctors found that plaintiff had only a mild impairment in concentrating, persisting, and maintaining pace. (Tr. 23-24; *see* Tr. 79-80, 95-96).

While plaintiff argues the ALJ entirely failed to evaluate the persuasiveness of Dr. Deneen's opinion, the ALJ did address and discuss the September 2019 psychiatric consultative examination findings, which also supported a finding of non-severity. (Tr. 16; *see* Tr. 1265-68). As the ALJ acknowledged, plaintiff reported frequent wakening at night, recent weight loss, and panic attack symptoms. (Tr. 16; *see* Tr. 1265-66). However, ALJ Neumann appropriately explained that other than a neutral mood and flat affect, examination findings were benign, including adequate grooming, normal posture and motor behavior, appropriate eye contact, fluent speech, coherent and goal directed thought process, full orientation, good insight and judgment, and intact attention, concentration, and memory. (Tr. 16; *see* Tr. 1266).

The Second Circuit and this court have found that remand is not required on the basis that the ALJ did not evaluate an opinion where evaluation of the opinion would not have changed the outcome. *See Zabala v. Astrue*, 595 F.3d 410 (2d Cir. 2010)(finding harmless error where the ALJ's consideration of a doctor's report would not have changed the adverse determination); *see Houck v. Comm'r of Soc.* Sec., No. 17-CV-1196-MAT 2018 WL 6137123, at *3 (W.D.N.Y. Case

1:21-cv-00977-JGW Nov. 24, 2018) (finding the ALJ's failure to address opinions was harmless where the opinions were "not significantly more favorable to Plaintiff than those that were addressed"). As discussed, the ALJ considered and found persuasive the prior administrative medical findings of Drs. M. Butler and S. Juriga, who explicitly considered and discussed Dr. Deneen's opinion in assessing that plaintiff had only a mild impairment in concentrating, persisting, and maintaining pace. (Tr. 23-24; *see* Tr. 79-80, 90, 95-96). The ALJ also discussed Dr. Deneen's evaluation and exam findings at step two when determining the mental impairments were not severe and only resulted in mild limitations. (Tr. 16). Dr. Deneen's findings and opinion supported the ALJ's decision to not include mental limitations because only mild limitations were opined. *Antoinette C. v. Comm'r of Soc. Sec.*, No. 20-cv-6728S, 2022 WLJ 765268, at *5 (W.D.N.Y. Mar. 14, 2022) (finding that where an opinion assessed that mild limitations were "not significant enough to interfere with her ability to function on a daily basis," the ALJ's finding that the claimant's conditions were non-severe was substantially supported and the conditions "require[d] no limitations in the RFC"). The opinion was not more restrictive than the assessed RFC and would not have changed the determination.

Furthermore, the ALJ did make an alternative finding in the sequential evaluation which corresponded to performance of unskilled work. (Tr. 26-27). Case law has established that unskilled work may be performed even with moderate limitation in work related functioning. *See Zabala*, 595 F.3d at 407-11 (moderate limitations in work related functioning consistent with the ability to perform unskilled work).

Plaintiff asserts that PA-C Alyssa Drushel, PA-C Lewellen, and LMHC Ned Lindstrom opined that plaintiff demonstrated significant limitations stemming from mental impairments, but

the ALJ appropriately considered these opinions, finding them not persuasive, and plaintiff does not argue the ALJ erred in his evaluation of the opinions. (Tr. 24-26).

As the United States Supreme Court in *Biestek v. Berryhill* confirmed, the substantial evidence threshold "is not high"; the court defers to the presiding ALJ, "who has seen the hearing up close." 139 S.Ct. 1148, 1154, 1157 (2019). Here, plaintiff has failed to satisfy her burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is

        **DENIED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 13) is

        **GRANTED**.

Dated: November 20, 2023　　　　　　　　　　　*J. Gregory Wehrman*
Rochester, New York　　　　　　　　　　　　　HON. J. Gregory Wehrman
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge